IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP 1 6 2013
CLERK, U.S. DISTRICT COURT
By _____
        Deputy

| | | |
|---|---|---|
| STANLEY JENKINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:13-CV-668-A |
| | § | |
| JPMORGAN CHASE BANK, | § | |
| NATIONAL ASSOCIATION, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Now before the court is the amended notice of removal filed
in the above-captioned action by defendant, JPMorgan Chase Bank,
National Association.  Defendant has alleged diversity of
citizenship under 28 U.S.C. § 1332 as the sole basis for removal.
Having considered the amended notice of removal and its
attachments and the original state court petition of plaintiff,
Stanley Jenkins, the court concludes that defendant has failed to
sufficiently allege that this court has subject matter
jurisdiction, and that the case should be remanded to the state
court from which it was removed.[1]

---

[1] Defendant also filed a motion to dismiss on August 23, 2013, and plaintiff filed a motion for
extension of time to respond to defendant's motion to dismiss on September 13, 2013.  However, as
explained below, the court lacks subject matter jurisdiction to rule on these motions.

I.

<u>Background</u>

Plaintiff initiated this action by filing his original petition against defendant on August 5, 2013, in the District Court of Tarrant County, Texas, 342nd Judicial District, as Cause No. 342-267221-13.  Defendant then removed the action to this court.  On September 3, 2013, pursuant to this court's order, defendant filed its amended notice of removal.  Defendant alleges that the court has subject matter jurisdiction under 28 U.S.C. § 1332 because of complete diversity of citizenship between plaintiff and defendant, and an amount in controversy exceeding the sum or value of $75,000.00, exclusive of interest and costs.

In the prayer of his petition, plaintiff does not state a specific amount of damages.  Nor is there any other statement of the amount of damages contained elsewhere in the petition, other than a vague statement that plaintiff seeks damages of less than $100,000.00.  However, defendant contends that in the context of foreclosure proceedings, the proper measure of the amount in controversy is either the value of the subject property, which defendant asserts is $150,200.00, or the amount of the note that plaintiff seeks to avoid, which defendant claims is $131,000.00. Defendant argues that the value of the property, or at least the amount of the note on the property, plus the unspecified damages

2

requested by plaintiff satisfies the amount in controversy.   In
support of its position, defendant cites to legal authority
standing for the proposition that the value of the property
constitutes the proper measure of the amount in controversy where
plaintiff challenges defendant's right to enforce the deed of
trust.   Am. Notice of Removal at 1-4.

After having evaluated the amended notice of removal and all
state court documents, and after reviewing applicable legal
authorities, the court remains unpersuaded that the amount in
controversy in this action meets or exceeds the required amount.

II.

## Basic Principles

The court begins with a statement of basic principles
announced by the Fifth Circuit:

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to
federal court any state court action over which the federal
district court would have original jurisdiction.   "The removing
party bears the burden of showing that federal subject matter
jurisdiction exists and that removal was proper."   Manguno v.
Prudential Prop. Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir.
2001).   "Moreover, because the effect of removal is to deprive
the state court of an action properly before it, removal raises
significant federalism concerns, which mandate strict

3

construction of the removal statute." Carpenter v. Wichita Falls
Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995) (citation
omitted).   Any doubts about whether removal jurisdiction is
proper must therefore be resolved against the exercise of federal
jurisdiction.   Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th
Cir. 2000).

    To determine the amount in controversy for the purpose of
establishing diversity jurisdiction, the court ordinarily looks
to the plaintiff's state court petition.   Manguno, 276 F.3d at
723.   If it is not facially apparent from the petition that the
amount in controversy is greater than $75,000, the removing party
must set forth summary judgment-type evidence, either in the
notice of removal or in an affidavit, showing by a preponderance
of the evidence that the amount in controversy exceeds that
amount.   Id.; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335
(5th Cir. 1995).

    The amount in controversy is measured from the perspective
of the plaintiff.   Vraney v. Cnty. of Pinellas, 250 F.2d 617, 618
(5th Cir. 1958) (per curiam).   In an action for declaratory or
injunctive relief, the amount in controversy is the "value of the
object of the litigation," or "the value of the right to be
protected or the extent of the injury to be prevented."
Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir. 1983).

4

III.

Analysis

Plaintiff's petition does not make a demand for a specific amount of damages, does not specify a dollar amount of recovery sought that is at least $75,000.00, and does not define with specificity the value of the right it seeks to protect or the extent of the injury it seeks to prevent.  As a result, the court evaluates the true nature of plaintiff's claims to determine the amount actually in controversy between the parties.

The true nature of this action is to maintain possession of residential property plaintiff used as security for the making of a loan.  As the petition alleges, plaintiff pursues this goal by seeking an order (1) barring any foreclosure or forcible detainer proceedings, and (2) awarding unspecified damages and attorney's fees.  Notice of Removal, Ex. A-2 at 14.  Thus, considering plaintiff's original petition, the court has not been provided with any information from which it can determine that the value to plaintiff of such relief is greater than $75,000.00.

Defendant contends that the fair-market value of the property should serve as the amount in controversy because plaintiff requests equitable relief to enjoin defendant from foreclosing on the property.  Am. Notice of Removal at 2-3. Defendant relies on the oft-cited argument that when equitable

5

relief is sought, the amount in controversy is measured by the
value of the object of the litigation, and when a mortgagor is
attempting to protect his property, the fair market value of the
property is the amount in controversy.  Id.  In its amended
notice of removal, defendant suggests that the value of the
property is approximately $150,200.000.  Id.

    The court is not persuaded by the argument that the above
figure supplies the basis for plaintiff's interest in the
property, especially given that plaintiff has not pleaded how
much equity he has in the property.  Defendant does not cite to,
nor can the court discern, any such statement in the petition to
support a finding that the value of the property is the amount in
controversy.  That is, for example, defendant's attribution of
the $150,200.00 figure as damages is an act of its own doing--not
plaintiff's.  To the extent that these statements suggest that
the property value is the proper measure of the amount in
controversy in this action, the court rejects that argument.

    Plainly, the sole goal of plaintiff's action is to avoid or
delay a foreclosure sale and to be able to retain possession of
the property.  Nothing is alleged that would assign a monetary
value to plaintiff's accomplishment of that goal.  While
plaintiff appears to request equitable relief based on a claim
that he is entitled to hold legal title in the property, he does

not assert that such relief is based on a claim that he has
outright ownership of the property, free from any indebtedness.
Indeed, plaintiff makes statements to suggest that his ownership
of the property _is_ encumbered by a debt, as the petition
describes a note and deed of trust, and questions whether
defendant is the rightful owner or holder of the note and deed of
trust.  The value to plaintiff of his right in the litigation is,
at most, the value of his interest in the property, not the value
of the property itself.  Thus, defendant has not established the
value of plaintiff's interest in the property.

Further, defendant asserts that the amount in controversy is
equal to the amount of the note underlying the deed of trust
because plaintiff seeks to avoid repayment of the note, which
defendant suggests is approximately $131,000.00.  Defendant
relies on the Fifth Circuit's opinion in Waller v. Professional
Insurance Corporation, 296 F.2d 545 (1961), to support its
position.  However, this court has previously explained its
reasoning for finding Waller inapposite to determining the amount
in controversy in cases such as the instant action.  See Ballew
v. America's Servicing Co., No. 4:11-CV-030-A, 2011 WL 880135
(N.D. Tex. Mar. 14, 2011).  The court remains unpersuaded that
Waller is applicable in determining the amount in controversy in
the instant action.

Finally, defendant's argument that plaintiff's mere request for actual damages, statutory damages, exemplary damages, mental anguish damages, and attorney's fees supports a finding that the requisite amount in controversy exists likewise is without merit. Plaintiff's petition does not state a specific amount of damages, and nothing alleged on the face of the petition would enable the court to conclude that the damages sought would exceed the amount in controversy.  Further, without an amount to serve as a basis for compensatory damages, the court cannot form any reliable estimate for the amount plaintiff could recover for additional damages.   Therefore, defendant's argument is, at most, speculative, and also fails to establish the amount in controversy.

Defendant has not proven by a preponderance of the evidence that the amount actually in controversy in this action exceeds the sum or value of $75,000.00, excluding interest and costs. Consequently, the court is remanding the case to the state court from which it was removed, because of the failure of defendant to persuade the court that subject matter jurisdiction exists.

IV.

Order

For the reasons given above,

The court ORDERS that the above-captioned action be, and is hereby, remanded to the state court from which it was removed.

SIGNED September 16, 2013.

_____
JOHN McBRYDE
United States District Judge